# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 28, 2003 Session

## STATE OF TENNESSEE v. STANLEY RAY DAVIS IN RE: RAY D. DRIVER, d/b/a DRIVER BAIL BONDS

### Appeal from the Criminal Court for Campbell County
### No. 11461      E. Shayne Sexton, Judge

---

### No. E2003-00765-CCA-R3-CD
### May 11, 2004

---

GARY R. WADE, P.J., dissenting.

I agree that Tennessee Code Annotated section 40-11-130 governs the issue of the duration of Driver Bail Bonds' obligation. The current statute, passed in 1996, permits the trial court to extend the liability of the surety on a bail bond for the length of a sentence of probation by providing in a written order that the current bond is sufficient. In this case, the General Sessions Court noted on the judgment form that the defendant and surety were to remain liable under the original bond. Thus, Driver remained obligated under the terms of the original bond to secure the defendant's appearance at the March 11, 2002, hearing.

In my opinion, the record demonstrates that the intent of the trial court was that Driver be held responsible for the fines and costs associated with the defendant's conviction. As the majority points out, both the state and Driver appealed the forfeiture judgment to the Criminal Court, the state asserting that the General Sessions Court erred by ordering less than complete forfeiture of the appearance bond and Driver contending that it was relieved of its obligation on the bond at the time the defendant was sentenced. The Criminal Court agreed that Driver remained liable on the bond and ordered forfeiture in the amount of $570.00, the amount it believed the defendant owed in fines and court costs. Thus, it is my interpretation of the record that the trial court intended for the defendant's fines and costs to be paid by Driver and ordered a partial forfeiture on that basis.

During the forfeiture hearing, the Criminal Court remarked that the General Sessions Court ordered forfeiture in an amount equal to the fines and costs because it was "concerned with the defendant making payment of what was owed. . . . From a legal standpoint it is a separate question. You've got bail and then you've got what is owed. But the net effect of this is exactly what [the General Sessions Court] took care of." When the state asked if the court intended to "put down a judgment for what the defendant owed," the court responded in the affirmative. The trial court also made the following observations:

We're talking about him satisfying his monetary obligations and that is the judgment that I'm putting down against the bonding company. And I'm not saying that this is entirely, . . . strict construction of the statute. I think this is the best practical approach I can take. I think from a legal standpoint . . . the bonding company could be held to the entire amount. But in carrying out what I think is the right thing to do in this case I'm putting down a judgment against the bonding company in the amount that's shown he owes on this case. And when I say "he," I'm talking about this defendant.

Finally, the trial court noted that "we all, I think, know that we're securing the fines and costs."

From these comments, it is my view that the trial court intended the forfeited money to be used to pay the defendant's fines and costs. The record establishes that the defendant had served the 48 hours of incarceration required by the plea agreement but had failed to pay his fines by or appear at the March status hearing. Although the trial court observed that the defendant was not completely relieved of his obligations and a capias had been issued to secure his appearance, the real intent of the order appears to have been to secure the fines and costs by entering a judgment in that amount against Driver. "To paraphrase an anonymous visionary, 'If it waddles like a duck, looks like a duck and quacks like a duck, it is a duck.'" State v. Wendell Scales, No. 88-26-III, slip op. at 7 (Tenn. Crim. App., at Nashville, Sept. 28, 1988).

These circumstances are controlled by State v. Clements, 925 S.W.2d 224 (Tenn. 1996). In that case, our supreme court considered whether an appearance bond of $40,000 posted by the defendant's father as surety could be attached for the payment of the defendant's fine. Our high court, applying the principles of contract law to the secured bond, held that "the funds deposited by the father can be attached to cover fines and costs incurred by the defendant only if it can be determined, from an objective standpoint, that the father assented to this possibility, either by signing the document or by some subsequent act." Id. at 227. Our supreme court ruled that the appearance bond signed by the defendant's father did not provide that he would be liable for the fines and costs incurred by the defendant and that the defendant's father had not otherwise agreed to be liable for the fines and costs. Id. Similarly, the appearance bond executed by Driver does not include any agreement by Driver to secure payment of the defendant's fines and costs. Moreover, the record does not indicate that Driver assented to the payment of the defendant's fines and costs "by some subsequent act." Thus, it is my view that although Driver remained obligated under the original bond to secure the defendant's appearance at the March status hearing and was thus liable for forfeiture of the full amount of the bond when the defendant failed to appear, the trial court erred by ordering Driver to "secur[e] the fines and costs." The payment of the fines and costs are the defendant's responsibility. The trial court accomplished indirectly a result that could not be accomplished

directly under the applicable law.[1]  Accordingly, I would reverse the judgment of the trial court ordering forfeiture to secure the payment of the defendant's fines and costs and remand.

_____
GARY R. WADE, PRESIDING JUDGE

---

[1]If the General Sessions Court had concerns about the defendant's ability or willingness to pay the fines and costs, it could have ordered him to execute a separate bond to secure the payment of the fines and costs. See Tenn. Code Ann. § 40-11-118(c)(1).